UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

STELLAR-MARK, INC.,                                        Civil No. 05-2445 (PJS/RLE)

        Plaintiff,

v.

ADVANCED POLYMER TECHNOLOGY
CORP., CONSTRUCTION SPECIALTIES
GROUP, NEIL SAVITCH, and MARK
STOVER,

        Defendants;                                        ORDER

ADVANCED POLYMER TECHNOLOGY
CORP., CONSTRUCTION SPECIALTIES
GROUP, and NEIL SAVITCH,

        Counter-claimants,

v.

STELLAR-MARK, INC.,

        Counter-defendant.

---

Jaren L. Johnson, Thomas M. Fafinski, BENEPARTUM LAW GROUP, PA, 860
Blue Gentian Road, Suite 295, Eagan, MN 55121, for plaintiff/counter-defendant.

Dana M. Richens, SMITH, GAMBRELL & RUSSELL, 1230 Peachtree Street,
Suite 3100, Atlanta, GA 30309, for defendant/counter-claimant Advanced
Polymer Technology Corp.

Steven C. O'Tool, O'TOOL LAW OFFICE, 4660 Slater Road, Suite 128, Eagan,
MN 55122, for defendants/counter-claimants Construction Specialties Group and
Neil Savitch.

John M. Harvey, HARVEY & SHEEHAN, LTD., 7401 Metro Boulevard, Suite
555, Minneapolis, MN 55439, for defendant Mark Stover.

Plaintiff Stellar-Mark, Inc. ("Stellar-Mark") sells coating materials for use in protecting parking decks and other surfaces.  Terry Lingofelt is Stellar-Mark's president.  Compl. ¶ 2.  In October 2005, Stellar-Mark filed a "kitchen-sink" complaint against four defendants:  Advanced Polymer Technology Corp. ("APT"), Construction Specialties Group ("CSG"), Neil Savitch, and Mark Stover.  Stellar-Mark made ten claims against APT, nine against CSG, and eight against Savitch and Stover.  Stellar-Mark's complaint included a breach-of-contract claim and a promissory-estoppel claim against APT, a breach-of-contract claim against CSG, and, against all defendants, claims for tortious interference with contract, tortious interference with prospective business advantage, violation of the Lanham Act (15 U.S.C. § 1125(a)), violation of the Minnesota Deceptive Trade Practices Act (Minn. Stat. § 325D.44), violation of the Minnesota Unlawful Trade Practices Act (Minn. Stat. § 325D.13), violation of the Minnesota Uniform Trade Secrets Act (Minn. Stat. §§ 325C.02-325C.03), common-law trademark infringement, and unjust enrichment.

Discovery has revealed that some of the facts alleged in the complaint were inaccurate. For example, the complaint alleges that Stover was a party to an "Independent Sales Representative Agreement" with Stellar-Mark.  Compl. ¶ 7.  Stover was not.  *See* Compl. Ex. A (Independent Sales Representative Agreement between Stellar-Mark and CSG only).  It appears, from portions of Lingofelt's deposition, that this allegation is based on Lingofelt's seemingly unfounded belief that CSG was a partnership between Savitch and Stover.  Lingofelt Dep. 118-119, 135-37, 166-68.  But Stellar-Mark did not cite this testimony, much less explain how the Court could find, based on this testimony, that Stover was a party to the Independent Sales

Representative Agreement.  Instead, it simply cited the Independent Sales Representative

Agreement, which makes no reference to Stover.  *See* Pl.'s Mem. Opp. Mots. Summ. J. 1-2.

Discovery has also revealed that some of the legal claims made in the complaint were

meritless.  For example, the complaint alleges that the defendants misappropriated "trade secrets

that were not generally known or ascertainable."  Compl. ¶ 61.  Some of Stellar-Mark's products

come in two separate containers, and the user is required to mix the contents of one container

with the contents of the other container.  It turns out that one of the "trade secrets" that

defendants supposedly misappropriated was Stellar-Mark's system of labeling one can "A" (in

one color) and the other can "B" (in a different color).  Lingofelt Dep. 30, 81-82.  This "trade

secret" does not appear to be much of a secret, given that it is displayed on the labels of the

products.

There is good reason to believe that these and other parts of the complaint were filed in

violation of Fed. R. Civ. P. 11(b).  What is worse is that, *after* discovery in this case made clear

that many of the claims were meritless, Stellar-Mark still refused to dismiss them.  Instead,

Stellar-Mark forced the defendants to incur the expense of filing summary-judgment motions

and supporting papers.  And then, after defendants' summary-judgment papers made it even

clearer that many of Stellar-Mark's claims were frivolous, Stellar-Mark "later advocat[ed]" those

claims for purposes of Rule 11(b) by arguing in its response that the claims should not be

dismissed.

Stellar-Mark's "advoca[cy]" was, admittedly, not terribly effective.  Stellar-Mark filed a

single response to the defendants' three summary-judgment motions.  That response was filed

several days after the deadline and only after a law clerk called Stellar-Mark's counsel and

informed him that, if the response was not filed by 5:00 p.m., the defendants' motions would be treated as uncontested. Stellar-Mark's entire response — a response that argued that summary judgment should not be granted on any of Stellar-Mark's 35 claims against the defendants or any of defendants' six counterclaims against Stellar-Mark — was a little over six pages long. About half of those pages were devoted to the introduction and the facts, leaving about three pages of argument.

One reason why the response was so short is that it contained almost no citations to the record. Instead, some contentions were not supported with citations to anything, while others were supported only with citations to the complaint. Both practices violated Fed. R. Civ. P. 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

To compound the problem, the response made *no* contentions — supported or unsupported — with respect to the vast majority of the claims. It said, for example, not a word about the allegation that APT misappropriated trade secrets. And it devoted a total of three sentences to the claims against Savitch and Stover. Here are those three sentences:

> The Independent Sales Representative Agreement requires Savitch and Stover to exert their best efforts in promoting Stellar-Mark's products. The record is clear that Savitch and Stover sold similar products for other companies. As such, material facts are in dispute with regard to whether Savitch and Stover fulfilled their obligations under the agreement.

Pl.'s Mem. Opp. Mots. Summ. J. 6.

-4-

These three sentences appear to address non-existent claims for breach of contract against Savitch and Stover.  They do not address any of the eight claims actually pled against Savitch and Stover, or Savitch's counterclaims against Stellar-Mark.  Moreover, the three sentences are not supported by a single citation to the record — or to anything else, for that matter.  Yet Stellar-Mark persists in asking the Court to "deny defendants [sic] Motions for Summary Judgment."  *Id*. at 7.

The Court has taken the defendants' motions for summary judgment under advisement.  But the Court needs to separately address the course of conduct described above, as it appears to violate Rule 11(b) and to fall short of what is expected of parties and attorneys who appear before this Court.

## ORDER

Based on Fed. R. Civ. P. 11(c)(1)(B) and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  Plaintiff Stellar-Mark, Inc., the Benepartum Law Group, P.A., and attorneys Jaren L. Johnson and Thomas M. Fafinski must show cause why sanctions should not be imposed on them jointly — or on each of them individually — for violating Rule 11(b) in connection with two distinct actions:

   a.       filing each of the claims contained in their October 12, 2005 complaint; and

   b.       "later advocating" each of those claims in their September 29, 2006 memorandum in opposition to the defendants' motions for summary judgment.

2.  Stellar-Mark, the Benepartum Law Group, and attorneys Johnson and Fafinski must respond to this show cause order no later than Tuesday, October 17, 2006, at 5:00 p.m.  In their response, they must, with respect to *each* claim against *each* defendant, either:

a.  voluntarily dismiss that claim with prejudice; *or*

b.  describe with respect to that claim:

  i.  why filing that claim on October 12, 2005 did not violate Rule 11(b); and

  ii.  why later advocating that claim on September 29, 2006 did not violate Rule 11(b).

3.  If Stellar-Mark, the Benepartum Law Group, and attorneys Johnson and Fafinski choose not to dismiss a particular claim against a particular defendant, but instead to argue that they did not violate Rule 11(b) in filing and then later advocating that claim, they must cite evidence in the record that supports their position.  To be clear:  Each factual contention must be supported by a citation to evidence in the record, and that citation must be to the precise page of the deposition, affidavit, exhibit, or other document on which the evidence appears.

Dated: October  4, 2006                          s/Patrick J. Schiltz
                                                 Patrick J. Schiltz
                                                 United States District Judge